UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COREY A. BULLOCK,

    Petitioner,

    v.     CAUSE NO. 3:24-CV-768-CCB-SJF

WARDEN,

    Respondent.

OPINION AND ORDER

Corey A. Bullock, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder and neglect of a dependent resulting in serious bodily injury under Case No. 49G01-1412-MR-53684.[1] Following a bench trial, on May 12, 2017, the Marion Superior Court sentenced him to fifty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Bullock argues that he is entitled to habeas relief because trial counsel failed to adequately review discovery and challenge the prosecution's evidence and further failed to ask for the entry of judgment following his first trial. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

According to the State court electronic docket, Bullock did not present any of his habeas claims on direct appeal to the Indiana Court of Appeals or to the Indiana Supreme Court. On post-conviction review, Bullock presented both of his habeas claims to the Marion Superior Court. On appeal of the denial of his post-conviction petition, he presented to the Indiana Court of Appeals only his claim that trial counsel failed to ask for the entry of judgment following his first trial. The Indiana Court of Appeals affirmed the denial of the post-conviction petition on April 30, 2024. Bullock did not file a petition to transfer his post-conviction appeal to the Indiana Supreme Court, and the time to do so has now passed. *See* Ind. R. App. 57(C) (petition for transfer must be filed within forty-five days).

In sum, Bullock has exhausted his State court remedies without properly asserting any of his federal claims at each level of the State courts. Consequently, the claims in the petition are procedurally defaulted, and there is no apparent basis to excuse procedural default. Therefore, the court dismisses the petition as procedurally defaulted.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Bullock to continue pursuing his claims in federal court.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are procedurally defaulted;

(2) DENIES Corey A. Bullock a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 3, 2024

                                          s/ Cristal C. Brisco
                                          JUDGE
                                          UNITED STATES DISTRICT COURT